1
2
3 UNITED STATES DISTRICT COURT
4 DISTRICT OF NEVADA
5 * * *
6 JOHN DEATHERAGE, | Case No. 3:16-cv-00206-MMD-CBC
7 Plaintiff, | ORDER
v.
8
SCHINDLER ELEVATOR
9 CORPORATION, ABC CORPORATIONS
1-10 AND JOHN DOES 1-10,
10
Defendants.
11

12 **I.    SUMMARY**

13         This case arises from injuries that Plaintiff John Deatherage sustained when he

14 was in an elevator that descended rapidly and abruptly stopped. The case proceeded to

15 trial on July 9, 2018, and the jury returned a verdict in favor of Plaintiff on his claim for

16 negligence. (ECF No. 123 at 94-95.) The jury also returned a verdict in favor of Defendant

17 Schindler Elevator Corporation on Plaintiff's claim for punitive damages. (ECF No. 124 at

18 39.) Before the Court are two motions filed by Defendant: a motion for judgment

19 notwithstanding the verdict or, alternatively, for new trial ("Motion for Judgment") (ECF No.

20 113) and a motion for sanctions (ECF No. 115). The Court has reviewed Plaintiff's

21 responses (ECF Nos. 114, 116) as well as Defendant's replies (ECF Nos. 117, 125). For

22 the following reasons, the Court denies Defendant's motions.

23 **II.    MOTION FOR JUDGMENT (ECF NO. 113)**

24         **A.    Legal Standard**

25         In order to move for renewed judgment as a matter of law under Rule 50(b), parties

26 must first move for judgment as a matter of law under Rule 50(a). *EEOC v. Go Daddy*

27 *Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Here, Defendant timely moved for

28 judgement as a matter of law under Rule 50(a), and the Court denied the motion. (ECF

No. 121 at 161.) Accordingly, the Court will construe Defendant's Motion for Judgment as a Rule 50(b) motion.

"A renewed motion for judgment as a matter of law is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)).

In addition, a jury's verdict is reviewed for substantial evidence. *EEOC*, 581 F.3d at 961 (citing *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir. 2002)). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) (citation omitted). "[A] proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." *EEOC*, 581 F.3d at 961.

## B. Analysis

Defendant argues that renewed judgment as a matter of law is warranted because Plaintiff failed to establish the causation element of his negligence claim at trial. (ECF No. 113 at 8.) Defendant further argues that Plaintiff failed to establish certain elements of res ipsa loquitur at trial. (*Id.* at 9.) Defendant raised both of these arguments in its Rule 50(a) motion. (*See* ECF No. 121 at 138-48.)

### 1. Causation

Plaintiff argues that the following evidence introduced at trial would permit a jury to conclude that Defendant's negligent maintenance caused his injuries: (1) the testimony of Plaintiff's nephew likening the elevator drop to a roller coaster or helicopter landing and describing the drop as "immediate," "really hard," and "abrupt;" (2) Plaintiff's testimony that the elevator began "to fall rapidly and accelerate down and come to a very hard violent stop;" (3) Plaintiff's testimony that he reached for his low back and immediately complained of pain after the hard stop; (4) medical testimony from Plaintiff's treating neurosurgeons

2

who determined that Plaintiff was injured in the elevator malfunction; (5) testimony by Joseph Stabler (Plaintiff's expert witness in the area of elevator safety, maintenance, repair, replacement, and investigation) that a service call on the elevator eight days prior to the incident indicated that a component (the 201 contactor) needed to be replaced; (6) Defendant's failure to produce evidence that the component had been replaced; (7) Mr. Stabler's testimony that the load weighing devices on the elevator were not functioning properly and the elevator thought it had a heavier load than it actually did, which caused it to be driven down at a high rate of speed; and (8) the deposition testimony of Defendant's corporate representative (Troy Ferro) that Defendant only "loosely tracked" the maintenance being performed on the elevators at the casino where the incident occurred. (ECF No. 114 at 7-8.)

Defendant argues that Plaintiff failed to produce any evidence of a stop that exceeded elevator code requirements. (ECF No. 117 at 3.) Defendant further argues that Mr. Stabler's testimony regarding the 201 contactor amounts to "rank speculation." (*Id.*) Defendant also argues that Plaintiff's testimony was inconsistent with his nephew's testimony. (*Id.* at 4.)

In considering these arguments on Defendant's Rule 50(a) motion, the Court found that the jury could determine that Defendant's negligent maintenance caused Plaintiff's injuries based on Plaintiff's testimony that he experienced pain after riding in the elevator that he had not experienced before and sustained injuries that required medical treatment. (ECF No. 121 at 160-61.)

The Court will not disturb its prior ruling because substantial evidence supports the jury's determination that Defendant's negligence caused Plaintiff's harm. The following evidence permits the inference that the elevator malfunctioned due to Defendant's negligent maintenance: a component of the elevator needed replacement (ECF No. 120 at 70-71), the load-weighing devices on the elevator were not functioning properly (*id.* at 96), and Defendant only "loosely tracked" the elevator maintenance at the casino where the incident occurred (ECF No. 114-6 at 11; *see also* ECF No. 120 at 6 (playing portions

of the deposition for the jury on July 10, 2018)). The jury reasonably could have concluded that the negligent maintenance and resulting malfunction then caused the abrupt descent and stop that Plaintiff and his nephew described in their testimony. (*Id.*) To the extent that there were any inconsistencies between the testimony of Plaintiff and his nephew, the jury could have determined that those inconsistencies were irrelevant.

### 2. Res ipsa loquitur

Plaintiffs may satisfy the causation element of a negligence claim with the doctrine of res ipsa loquitur when: (1) the event ordinarily does not occur in the absence of someone's negligence; (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant; (3) the event was not due to any voluntary action or contribution on the part of the plaintiff; and (4) the defendant had superior knowledge of or was in a better position to explain the accident. *Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001); *see also* Restatement (Second) of Torts § 328D ("It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when [these elements are satisfied].). Defendant argues that Plaintiff failed to produce evidence to support the first, second, and fourth elements. (ECF No. 113 at 9-12.)

### a. Whether an Event Occurred

Defendant argues that there is no evidence an event actually occurred because the Court excluded Plaintiff's medical scientist, Michael Freeman. (ECF No. 113 at 9.) Without the testimony of Mr. Freeman, Defendant argues, there is no evidence that Plaintiff's injuries resulted from the elevator's abrupt stop. (*Id.* at 9-10.) Defendant further argues that testimony of Plaintiff's elevator maintenance expert—Mr. Stabler—does not establish that an event occurred and instead only establishes that the elevator was inappropriately maintained. (*Id.* at 10.)

Plaintiff argues that that lack of testimony by Mr. Freeman is immaterial because "there was ample evidence from which the jury could conclude that the Plaintiff was not injured when he entered the elevator, but was injured when he left." (ECF No. 114 at 9.) Plaintiff cites the testimony of Plaintiff and his nephew, among other things. (*Id.*)

The Court previously found that the jury could reasonable infer that an event occurred based on Plaintiff's own testimony regarding the abrupt stop he experienced. (ECF No. 121 at 158.) The Court also found that the jury could draw this inference from Mr. Stabler's testimony that a 201 contactor needed replacement (without which the elevator would operate erratically) and that the load weight devices had been compromised. (*Id.* at 158-59.) The Court continues to find that this evidence is substantial enough to support the jury's verdict and finds Defendant's arguments to the contrary unpersuasive.

Defendant further argues that this case is different from *Am. Elevator Co. v. Briscoe*, 572 P.2d 534 (Nev. 1977), a case in which the Nevada Supreme Court found a res ipsa loquitur instruction to be appropriate. (ECF No. 113 at 10.) Defendant argues that the res ipsa loquitur instruction was appropriate in *Briscoe* because there—unlike here— the parties did not dispute whether an event occurred. (*Id.*) Defendant further argues that there was expert testimony in that case about the physical forces the occupant of the elevator experienced and that appellant's medical expert in that case conceded that the plaintiff might have been injured in the elevator. (*Id.*) Plaintiff counters that Defendant's attempt to distinguish the *Briscoe* case on these grounds is unpersuasive because the court must view the evidence in the light most favorable to Plaintiff. (ECF No. 114 at 10 (citing *Kay v. Cessna Aircraft Co.*, 548 F.2d 1370, 1372 (9th Cir. 1977)).)

The Court finds that the jury's decision regarding causation—to the extent it relied on res ipsa loquitur—is supported by substantial evidence. The essence of Plaintiff's testimony was that he entered the elevator uninjured and emerged with injuries. A jury reasonably could conclude that getting into an elevator and emerging with a back injury is not the kind of event that occurs in the absence of negligence.

### b. Whether Elevator Was Under Defendant's Exclusive Control

Defendant argues that the elevator was not under Defendant's exclusive control because the incident was caused by a power outage—not a maintenance failure. (ECF

No. 113 at 11.) Plaintiff's entire argument in response is that "[t]his case is not about the power blip; it is about how the P2 elevator acted after the power blip, once power was restored." (ECF No. 114 at 10.)

The Court previously found that the jury reasonably could determine that the elevator fell due to faulty maintenance rather than the power outage. (ECF No. 121 at 159.) The Court reaffirms this ruling and finds that the jury's determination that the incident was caused by a maintenance failure is supported by substantial evidence identified *supra* Section II(B)(1).

In addition, the Court reaffirms that carrying the "exclusive control" element to its logical extreme—as Defendant does—is improper: "To require a plaintiff to establish exclusive control in the defendant with respect to any possible cause of the accident before permitting the application of res ipsa loquitur would emasculate the doctrine." (*See* ECF No. 121 at 160 (quoting *Briscoe*, 572 P.2d at 537).)

### c.     Whether Defendant Had Superior Knowledge

Defendant argues that Plaintiff presented no evidence that Defendant had any knowledge of the incident whatsoever. (ECF No. 113 at 11.) Defendant further argues that Plaintiff in fact testified that the casino's employees—not Defendant's employees—placed the elevator back in service. (*Id.*) Defendants also cite to a mid-level state court opinion from Ohio to show that a res ipsa loquitur instruction is not appropriate when an elevator (or in that case, an escalator) malfunction could be attributed to a power outage as opposed to negligent maintenance. (*Id.* at 11 (citing *Lovsin v. J.C. Penney Co.*, No. 69520, 1996 WL 239993 (Ohio Ct. App., 8th Dist., May 9, 1996)).)

Plaintiff argues that Defendant had superior knowledge based on *Briscoe's* admonition that plaintiffs need not "establish exclusive control in the defendant with respect to any possible cause of the accident before permitting the application of res ipsa loquitur." (ECF No. 114 at 10 (quoting *Briscoe*, 572 P.2d at 537).) Plaintiff further argues that *Lovsin* is distinguishable because that case involved an injury that occurred when an
///

escalator stopped suddenly as a result of a power outage whereas here the injury occurred after power was restored to the elevator. (*Id.*)

The Court finds that the jury's determination—to the extent it relied on res ipsa loquitur—is supported by substantial evidence. A jury reasonably could have found that Defendant was in a better position to explain the accident because Defendant maintained the elevator. Moreover, the Court agrees with Plaintiff that the Ohio case is distinguishable because the jury could have determined that the injury occurred after power was restored to the elevator—not when the power went out—based on Plaintiff's testimony. Plaintiff testified that power was restored to the elevator before it began the descent that resulted in an abrupt stop. (ECF No. 121 at 28-29.) In addition, the jury could have found that Defendant had superior knowledge because Defendant's technician responded to the elevator incident and erased a maintenance code that might have explained how the elevator malfunctioned. (*See id.* at 160.)

Accordingly, the Court will deny Defendant's motion for renewed judgment as a matter of law.

### III.     MOTION FOR SANCTIONS (ECF NO. 115)

#### A.      Legal Standard

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Defendant moves for sanctions under the Court's inherent authority. (ECF No. 115 at 1.)

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d

7

1178, 1196 (9th Cir. 2003). Negligence cannot sustain a sanction under a court's inherent authority. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

## B.    Analysis

Defendant moves for sanctions based on their allegations that Plaintiff's counsel, Andrew Fraser and Timothy Dinan, disclosed a settlement offer made in confidential mediation to the media in a press release. (ECF No. 115 at 1.) Defendant asks that the Court revoke Mr. Fraser and Mr. Dinan's pro hac vice admissions and impose monetary sanctions. (*Id.* at 7.) Plaintiff argues that Defendant's counsel has misrepresented the timing and circumstances of the settlement offer; that the applicable confidentiality provisions did not bar Plaintiff from identifying the amount of the settlement offer in a press release; that Defendant made the settlement offer in the hallway of the courthouse during trial; and that Plaintiff's actions will not chill the Court's alternative dispute resolution process. (ECF No. 116 at 2-3.)

The Court denies Defendant's motion because Defendant has not produced any evidence that Mr. Fraser and Mr. Dinan acted in bad faith. Rather, Defendant baldly asserts that Mr. Fraser and Mr. Dinan disclosed the settlement offer "to embarrass and harass a litigant" without providing any evidence of Mr. Fraser or Mr. Dinan's intent. (ECF No. 115 at 6.)

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for judgment (ECF No. 113) is denied.

///

It is further ordered that Defendant's motion for sanctions (ECF No. 115) is denied.

DATED THIS 26th day of October 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE